IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-00936-CNS-KAS

ANDREW DEREK EVERETT,

    Plaintiff,

v.

MICHELLE BARNES,
NATALIE VIMONT,
TAMARA KRIEGER,
ELIZABETH (BETH) BARR,
SHANTELL R. RODRIGUEZ,
JUDGE PHILIP J. MCNULTY,
CLERK OF COURT DIANA L. COFFEE, and
RUSSEL MURRAY III PC,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Emergency Motion for Injunctive Relief. ECF No. 53. For the reasons explained below, the motion is DENIED.

### I.    SUMMARY FOR PRO SE PLAINTIFF

On August 12, 2024, you filed an emergency motion for injunctive relief, seeking an order from this Court enjoining the judgments and orders of the Jefferson County District Court in case number 2021DR30874. ECF No. 53 at 5. Defendants filed oppositions to your injunctive relief. ECF Nos. 55, 58, 59. They argue that your injunctive relief should be denied for various reasons, including that your lawsuit is barred as a

1

matter of law under certain abstention and immunity doctrines; that you cannot show irreparable harm because you seek monetary damages; and that you failed to demonstrate that the balance of equities and the public interest tip in your favor.

After considering the arguments raised in your emergency motion, the Court is denying your request for injunctive relief. The Court will further explain why it is doing so below and discuss the legal authority supporting this conclusion.

## II.   BACKGROUND

Plaintiff is a party to domestic relations case number 2021DR30874 in Jefferson County District Court, involving divorce, property distribution, child support, and child custody. *See, e.g.*, ECF No. 53, ¶ 1; ECF No. 1, ¶ 1. Plaintiff sought nearly identical relief in case number 22-cv-01133-CNS-SKC before this same Court. *See* ECF No. 1 at 3 (in 22-cv-01133-CNS-SKC). That case was dismissed for lack of subject matter jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) based on the parties' pending divorce proceedings in state court. ECF No. 30 (Magistrate Judge Recommendation); ECF No. 32 (affirming and adopting Magistrate Judge Recommendation).

In the instant lawsuit, Plaintiff again argues that the state court's orders are harming him financially and hurting his relationship with his children. ECF No. 53, ¶¶ 1–4. Plaintiff asks the Court to enjoin enforcement of the Jefferson County District Court's orders. *Id.*, ¶ 8. Specifically, Plaintiff asks the Court to stop the transfer of a real property deed from him to his ex-wife or to force his ex-wife to buy him out, and to grant him equitable time and communications with his children. *Id.*

2

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes a district court to enter preliminary injunctions and issue TROs. Fed. R. Civ. P. 65(a), (b). The decision of whether to issue a TRO is committed to a district court's sound discretion. *Allen W. Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 884 (10th Cir. 1933); *see also* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (3d ed. 2023) ("The issuance of a temporary restraining order is a matter that lies within the discretion of the district court."). The procedures and standards for determining whether to issue a TRO mirror those for a preliminary injunction. *See Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. CIV. A. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citation omitted). "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018).

A party seeking preliminary injunctive relief must satisfy four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015). A party seeking an injunction must demonstrate that "all four of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted." *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014). Of the four factors,

3

"a showing of probable irreparable harm is the single most important prerequisite" for a preliminary injunction or TRO, and "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260–61 (10th Cir. 2004) (quotation and citation omitted).

In addition to the four factors, a district court must also consider whether the movant's request falls within one of the "disfavored injunction" categories. Those categories of disfavored injunctions include those that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford all the relief that the movant could expect to win at trial. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2004). A request for disfavored injunctive relief "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). Where a movant requests a disfavored injunction, the movant "must make a strong showing both on the likelihood of success on the merits and on the balance of the harms." *Colo. v. E.P.A.*, 989 F.3d 874, 884 (10th Cir. 2021) (quotation omitted).

## IV.   ANALYSIS

The Court has reviewed Plaintiff's motion and complaint, Defendants' oppositions, and Plaintiff's replies. ECF Nos. 1, 55, 57–59, 62. For the reasons below, the Court finds that Plaintiff has failed to meet his burden of showing that a TRO is warranted.

### A.     Likelihood of Success on the Merits

Before a district court may issue a preliminary injunction, a plaintiff must establish a substantial likelihood of prevailing on the merits of his claims. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001). However, "the determination of a motion for a preliminary injunction and a decision on the merits are different." *Valdez v. Applegate*, 616 F.2d 570, 572 (10th Cir. 1980)). A plaintiff generally need only "establish a reasonable probability of success, not an overwhelming likelihood of success.'" *Atchison, T. & S. F. Ry. Co. v. Lennen*, 640 F.2d 255, 261 (10th Cir. 1981) (citation and quotations omitted). But where, as here, a plaintiff attempts to alter the status quo, a plaintiff must make a "strong showing" with respect to the likelihood of success on the merits. *Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

In this case, Plaintiff requests relief that would mandate affirmative action from Defendants and alter the status quo rather than preserve it. *See* ECF No. 53 at 1, 5 (seeking to enjoin the state from enforcing the judgments and orders currently in effect stemming from Case No. 2021DR30874 and asking the Court to alter those orders to require Defendants to provide equitable time and communication with Plaintiff's daughter and son). For these reasons, the Court finds that Plaintiff's requested injunctive relief "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *See Schrier,* 427 F.3d at 1259, 1261.

Regarding Plaintiff's likelihood of prevailing on the merits of his claims, Defendants argue, among other things, that (a) this action is clearly barred as a matter of law by *Younger*, *Rooker Feldman*, and the Colorado Governmental Immunity Act; (b) the Court

5

lacks subject matter jurisdiction because Plaintiff failed to timely appeal his Colorado district court decision; (c) the doctrines of *res judicata* or claim preclusion bar Plaintiff's claims; and (d) the State of Colorado has not waived immunity and thus the Eleventh Amendment bars his suit against the state.

The Court agrees with Defendants that Plaintiff has failed to make a "strong showing" that he is likely to succeed on the merits. Indeed, this is the second case Plaintiff filed regarding his divorce proceeding in Jefferson County state court, case number 21DR30874. The Court previously found that dismissal for lack of subject matter jurisdiction was proper under *Younger v. Harris*, 401 U.S. 37 (1971). The same outcome is likely here.

Accordingly, Plaintiff has failed to make a strong showing that he is likely to succeed on the merits of his claims. This factor weighs against injunctive relief.

### B.     Irreparable Harm

Irreparable harm means that the claimed injury "must be both certain and great"; it is not enough to be "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (citation omitted). Generally, a harm is not irreparable when the losses may be compensated by monetary damages. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). The movant must show that the "injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (citation omitted) (emphasis in original); *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (showing irreparable harm is "not an easy burden to fulfill").

Plaintiff seeks money damages of over $2.6 million. ECF No. 1, ¶ 85 ("The total amount of monetary damages combined to be Two million six hundred forty thousand dollars (2,640,000.00)."). These damages, of course, may be compensated and thus are not irreparable. *Heideman*, 348 F.3d at 1189. Plaintiff also argues that the lost time with his children cannot be compensated. Perhaps true, but as Defendants point out, Plaintiff can ask the state court to revisit the division of parenting time. That court has the authority to amend its parenting time order. As alleged, this Court does not.

In sum, Plaintiff has failed to show that any harm is imminent, great, and irreparable. This factor weighs against injunctive relief.

**C.     Balance of Hardships and Public Interest**

"To be entitled to a preliminary injunction, the movant has the burden of showing that 'the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction.'" *Barrington v. United Airlines, Inc.*, 566 F. Supp. 3d 1102, 1113 (D. Colo. 2021) (quoting *Heideman*, 348 F.3d at 1190).

Here, Plaintiff does not even address these factors.[1] Even if he had, the Court could not say that the balance of harms and public interest support his position. Defendants correctly note that the public interest favors the collection of unpaid child support by the county for the benefit of dependent children in Colorado. ECF No. 58 at 4.

---

[1] As a pro se litigant, the Court liberally construes Plaintiff's pleadings. *See generally Bullock v. Hill*, 166 F.3d 1220 (10th Cir. 1999). Still, Plaintiff's pro se status does not relieve Plaintiff of his burden of showing that preliminary injunctive relief is warranted. *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018) (it is well-established that the court will not "act as his advocate and make his arguments for him").

7

Accordingly, the Court cannot say that the balance of harms and public interest factors weigh in favor of injunctive relief.

\* \* \*

Because the Court has found that Plaintiff failed to prove any of the TRO factors—each of which independently would be sufficient to deny the TRO—Plaintiff's request for injunctive relief is not warranted. *Vill. of Logan*, 577 F. App'x at 766.

## V. CONCLUSION

Consistent with the above analysis, Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 53, is DENIED.

DATED this 27th day of August 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge