IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-00936-CNS-KAS

ANDREW DEREK EVERETT,

    Plaintiff,

v.

MICHELLE BARNES,
NATALIE VIMONT,
TAMARA KRIEGER,
ELIZABETH (BETH) BARR,
SHANTELL R. RODRIGUEZ,
JUDGE PHILIP J. MCNULTY,
CLERK OF COURT DIANA L. COFFEE, and
RUSSEL MURRAY III PC,

    Defendants.

## ORDER

Plaintiff Andrew Derek Everett objects to United States Magistrate Judge Kathryn A. Starnella's Recommendation to dismiss Plaintiff's claims without prejudice for lack of subject matter jurisdiction. ECF No. 64 (Recommendation); ECF No. 66 (Objection).[1] The Court has reviewed Plaintiff's objections, and upon de novo review, finds that they lack merit. Accordingly, the Court overrules his objections and affirms Magistrate Judge Starnella's Recommendation as an order of this Court. Plaintiff's case is dismissed without prejudice.

---

[1] Defendants responded to Plaintiff's objection. *See* ECF No. 69 (Jefferson County Defendants), ECF No. 70 (State Defendants), and ECF No. 71 (Defendant Murray).

1

## I. SUMMARY FOR *PRO SE* PLAINTIFF

Magistrate Judge Starnella recommends that this Court dismiss your claims for lack of subject matter jurisdiction under the *Younger* abstention doctrine and the domestic relations exception. You filed an objection to that Recommendation, but you did not present any authority or legal arguments demonstrating that Magistrate Judge Starnella erred her in analysis under either doctrine. Upon careful consideration of your objections, it appears that you simply rehash your allegations of fraud and bias and the invalidity of an alleged marriage contract. Most of your objections are vague and thus fail because they are not specific to the Magistrate Judge Starnella's findings and determinations in the Recommendation.

After considering the arguments raised in your objection and performing a de novo review of the findings you challenge, the Court is overruling your objections and affirming Magistrate Judge Starnella's Recommendation. The Court will explain why it is doing so further below, including a discussion of the legal authority that supports this conclusion. This order means that your claims are dismissed without prejudice, which means that you may refile your claims in an appropriate tribunal, if you can satisfy the relevant procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

## II. BACKGROUND

Plaintiff is a party to domestic relations case number 2021DR30874 in Jefferson County District Court, involving divorce, property distribution, child support, and child

2

custody. *See, e.g.*, ECF No. 53, ¶ 1; ECF No. 1, ¶ 1. Plaintiff sought nearly identical relief in case number 22-cv-01133-CNS-SKC before this same Court. *See* ECF No. 1 at 3 (in 22-cv-01133-CNS-SKC). The Court dismissed that case for lack of subject matter jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) based on the parties' pending divorce proceedings in state court. ECF No. 30 (Magistrate Judge Recommendation); ECF No. 32 (affirming and adopting Recommendation).

In the instant lawsuit, Plaintiff asserts that "[t]his action is about State and County elected officials, employees and private counsel conspiring together against [his] rights guaranteed by the Constitution of the United States of America, using intimidation, threats and coercion to force [him to] comply with a contract of the STATE OF COLORADO called APPLICATION FOR MARRIAGE LICENSE, MARRIAGE LICENSE, F1768420," which he contends he signed as a result of "misrepresentation" and certain "concealed" terms and conditions. ECF No. 1, ¶ 1. He also argues that the state court's orders are harming him financially and hurting his relationship with his children. ECF No. 53, ¶¶ 1–4. Plaintiff asks the Court to enjoin enforcement of the Jefferson County District Court's orders. *Id.*, ¶ 8. Specifically, Plaintiff asks the Court to stop the transfer of a real property deed from him to his ex-wife or to force his ex-wife to buy him out, and to grant him equitable time and communications with his children. *Id.*

The Jefferson County Defendants—Defendants Vimont, Krieger, Barr, and Rodriquez—are or were employees of the Jefferson County Department of Human Services. ECF No. 1 at 6, ¶¶ 6–9. Defendant Barnes is the Executive Director of the Colorado Department of Human Services. *Id.* at 5, ¶ 5. Defendant McNulty is a judge in

3

Jefferson County. *Id.*, ¶ 10. Defendant Coffey is a clerk of court in Jefferson County. *Id.*, ¶ 11. The parties refer to Defendants Barnes, McNulty, and Coffey collectively as the State Defendants. Finally, Defendant Murray is an attorney who represented Plaintiff's then-wife in the underlying divorce proceedings. *Id.*, ¶ 12.

Defendants seek dismissal of the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 8, 15, 35, 37, 60.

### III.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### IV.  ANALYSIS

Magistrate Judge Starnella determined that Plaintiff's claims are barred by the *Younger* abstention doctrine and the domestic relations exception. She also determined that Plaintiff's claims for monetary relief are frivolous. The Court addresses these findings in turn.

4

### A. *Younger* Abstention Doctrine

The *Younger* abstention doctrine requires federal district courts to "abstain from exercising jurisdiction when three conditions are satisfied: (1) there are ongoing state court proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests." *Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir. 2013) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Younger v. Harris*, 401 U.S. 37, 43–44 (1971). "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002).

Magistrate Judge Starnella concluded that all three conditions for *Younger* abstention are satisfied. ECF No. 64 at 8–9.[2] First, she determined that there is no dispute that the underlying child support proceedings are ongoing. ECF No. 64 at 8. Second, she explained that Plaintiff does not adequately explain why the state proceedings are an inadequate forum for him to assert his claims. *Id.* at 9. And third, she concluded that domestic disputes, including child support disputes, implicate important matters of state interest. *Id.* at 8.

---

[2] On August 27, 2024, the Court denied Plaintiff's emergency motion for injunctive relief. ECF No. 63. There, Plaintiff sought to enjoin the state from enforcing the judgments and orders currently in effect in his ongoing state domestic relations case, case number 2021DR30874, and sought to alter those orders to require Defendants to provide equitable time and communication with Plaintiff's daughter and son. *See* ECF No. 53 at 1, 5. The Court noted that this is the second case Plaintiff filed regarding his divorce proceeding in Jefferson County state court. The Court previously found that dismissal for lack of subject matter jurisdiction was proper under *Younger v. Harris*, 401 U.S. 37 (1971), and it concluded that the same outcome is likely here. ECF No. 63 at 5–6.

In his objection, Plaintiff does not contest the first and third requirements of *Younger*, but he argues that Colorado does not provide an adequate forum for his claims because the Colorado courts are biased against him. ECF No. 66 at 2–3, 6–8.[3] The Court is not persuaded.

Plaintiff essentially rehashes the same arguments he made in his emergency motion for injunctive relief and responses to the motions to dismiss—arguments that this Court and Magistrate Judge Starnella have rejected. "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority." *Witt v. Colorado*, No. 22-CV-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023) (quotation marks and citation omitted); *Vista Partners, Inc. v. Brainscope Co., Inc.*, No. 19-CV-00138-CMA-SKC, 2019 WL 3543625, at *4 (D. Colo. Aug. 5, 2019) (disagreeing with the Magistrate Judge's findings does "not render th[e] recommendation incorrect" and overruling the plaintiff's objection after determining that the objection "boils down to 'mere disagreement' with the Magistrate Judge's Recommendation" (quoting *Rader v. United States*, No. CIVA08CV00568-WDM-MEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008)).

---

[3] For example, Plaintiff argues that he has "shown that the extreme bias against me by Russel Murray III, in the State court proceedings, creating the orders granting his own motions, and **denying me any due process of law,** and the individuals of the State court being complicit. The defendants alleged that the orders drafted and submitted by Russel Murray III were 'proposed orders.' If that were true, the documents would have stated that they were proposed orders which they do not. The orders drafted and submitted by Russel Murray III are the orders that Diana L. Coffey filed onto the record. They are the same that Philip J. McNulty signed as his own. This bias is so pervasive and systemic, it ensures that I have absolutely no recusal provisions." ECF No. 66 at 7.

Magistrate Judge Starnella acknowledged Plaintiff's statements that "fraud upon the court exists in the divorce case" and that there is "extreme bias" against him, but she correctly determined that these statements are conclusory and insufficient to defeat abstention. ECF No. 64 at 9. The Court reaches the same conclusion upon de novo review. *See Knoche v. Droege*, No. 24-2150-JWB, 2024 WL 3890169, at *1 (D. Kan. Aug. 19) (rejecting the plaintiff's "conclusory statement that the forum is not sufficient because of judicial bias"), *appeal dismissed*, No. 24-3133, 2024 WL 5442639 (10th Cir. Nov. 19, 2024).

The Supreme Court has said that a state court proceeding will *not* provide an adequate opportunity to hear claims from the federal lawsuit "'only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it . . . ." *Moore v. Sims*, 442 U.S. 415, 433 (1979) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975)). Plaintiff cannot satisfy this heavy burden.

The Court finds that all elements of the *Younger* abstention doctrine exist, and thus, Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

B.     **The Domestic Relations Exception**

Magistrate Judge Starnella also determined that dismissal is warranted under the domestic relations exception—a judicially created exception to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Ex parte Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). "[A] federal court cannot 'reopen, reissue, correct, or modify' an order in a domestic relations case." *Alfaro v. Arapahoe Cnty.*, 766 F. App'x 657, 659 (10th Cir. 2019) (quoting *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017)). Magistrate Judge Starnella determined "that the domestic relations exception squarely fits this case" because Plaintiff's requested relief essentially asks the Court to correct or modifying orders in his ongoing domestic relations case. ECF No. 64 at 12. Thus, the Colorado domestic relations court is better suited to address Plaintiff's claims. *Id.*

Plaintiff does not object to this finding but instead offers a "response." ECF No. 66, ¶ 26. He states as follows:

> The Domestic Relations Exception applies solely to issues that are in fact the terms and conditions of the void State contract. It does not address the contract's validity whatsoever. This action is over the State contract and its validity. The contract is not valid so the terms are unenforceable. The individuals acting on behalf of the State are forcing performance to the terms and conditions of that contract, terms described in the Domestic Relations Exception. The acts of forcing performance to these terms is at question, not the terms themselves. How can I make this more clear?

8

*Id.* This brief response does not trigger de novo review. *2121 East 30th St.*, 73 F.3d at 1060 (holding that a "party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court"). Plaintiff does not even reference any findings in the Recommendation.

Even though not required, the Court has conducted a de novo review of the Recommendation and finds that Magistrate Judge Starnella correctly determined that the domestic relations exception bars Plaintiff's claims. Plaintiff's claims are better suited for state court. *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (acknowledging that states have "important state interests" in the "'whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States'" (quoting *Ankenbrandt*, 504 U.S. at 692).

Just as the *Younger* abstention doctrine bars Plaintiff's claims, so too does the domestic relations exception. For this additional reason, Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

  **C.** **Plaintiff's Request for Monetary Relief**

Magistrate Judge Starnella also determined that Plaintiff's request for monetary relief is based on sovereign citizen ideology because he demands the seizure of government bonds, and that such demand is frivolous. ECF No. 64 at 9–10. Plaintiff does not sufficiently object to this finding. He first argues that these "statements appear to be discriminatory and derogatory and used as a way to brush away my claims as 'frivolous.'" ECF No. 66 at 14. He contends that he is "not trying to seize any official's bond nor is that

9

a desire. . . . I have been and am being harmed by the defendants. The State is incapable of being reasonable and fair in a dispute over the validity one of its contracts." *Id.*

The Court is not persuaded because Plaintiff's statements are belied by his complaint, where he asks the Court to order "liquidat[ion] [of] the insurance bonds" of Defendants and "issu[e] full payments to [him]," in a total amount of $2,640,000.00." ECF No. 64 at 9 (quoting ECF No. 1, ¶¶ 78, 81–82, 84–85).

Upon de novo review, the Court overrules Plaintiff's objection and agrees with Magistrate Judge Starnella that his request for monetary relief is frivolous.

## V.  CONCLUSION

Consistent with the above analysis, the Court makes the following rulings:

(1) Plaintiff's objection, ECF No. 66, is OVERRULED;

(2) The Court AFFIRMS and ADOPTS Magistrate Judge Starnella's Recommendation, ECF No. 64, as an order of this Court;

(3) Defendants' motions to dismiss, ECF Nos. 8, 15, 35, 37, and 60, are GRANTED;

(4) Defendant Murray's motion for sanctions, ECF No. 49, is DENIED as MOOT;

(5) Plaintiff's claims are dismissed without prejudice; and

(6) The Clerk of Court is directed to close this case and moot any pending motions.

10

DATED this 20th day of March 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge